UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leroyce J. White,<br><br>      Petitioner,<br><br>v.<br><br>Denise Wilson, Warden, FCI Sandstone,<br><br>      Respondent. | Case No. 15-cv-3700 (WMW/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

Leroyce J. White, Housing Unit C-2, Federal Prison Camp, P.O. Box 1000, Leavenworth, KS 66048, pro se

Benjamin F. Langner, United States Attorney's Office, 300 Fourth Street South, Suite 600, Minneapolis, MN 55415, for Respondent

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on Leroyce J. White's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1]. White is presently incarcerated at the Federal Prison Camp in Leavenworth, Kansas. He claims that his sentence should be corrected in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). The case was referred for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied and the case be dismissed without prejudice for lack of jurisdiction.

**I. Background**

  The following facts are taken from White's Motion Under 28 U.S.C. § 2241 [Doc.

No. 2] and *White v. United States*, No. 07-00320-01-CR-W-ODS, 2011 WL 4729730, at *1 (W.D. Mo. Oct. 6, 2011).  In 1998, eleven police officers were in the process of arresting an individual when several gun shots were fired toward their general vicinity.  (Mot. 28 U.S.C. § 2241 at 2 [Doc. No. 2].)  None of the officers was wounded, nor could any of them identify the shooter.  (*Id.*)  However, after the incident, several individuals allegedly contacted the police to report that White was the person responsible for the shooting.  (*Id.*)  Since no direct evidence was recovered that linked White to the shooting, the State decided to settle the case.  (*Id.*)  The State proposed that White plead guilty to second-degree assault.  (*Id.*)  In exchange, White would be given only probation and no jail time.  (*Id.*)  White accepted, and he was convicted under Missouri law for Assault in the Second Degree.  (*Id.*)

In 1999, White pleaded guilty to Possession of a Controlled Substance in Clay County Circuit Court and was sentenced to five years imprisonment.  (*Id.*)  In April, 2003, White pleaded guilty to two counts of Sale of a Controlled Substance in Jackson County Circuit Court and was sentenced to five years imprisonment.  (*Id.*)  He was paroled on April 10, 2006.  (*Id.*)

On September 12, 2007, a federal grand jury returned a two-count indictment charging White with Possession of a Firearm by a Felon and Possession with Intent to Distribute more than five grams of cocaine.  (*Id*. at 3.)  On February 1, 2008, White pleaded guilty to Count One pursuant to a written plea agreement.  (*Id.*)  The Government agreed to dismiss Count Two.  (*Id.*)  White contended, and the Government conceded, that White had only two prior felony convictions for a crime of violence or a controlled

substance offense. (*Id*.) The plea agreement stated and White was informed that his maximum sentence would not exceed ten years. (*Id*.)

After the court accepted the plea, the Probation and Pretrial Services Department performed a presentence investigation and prepared a Presentence Investigation Report ("PSR"). (*Id*.) The PSR found that White had an additional offense as part of his criminal history—the second-degree assault—and therefore was facing a fifteen-year mandatory sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). (Mot. 28 U.S.C. § 2241 at 3.) The court allowed White to withdraw his guilty plea, and White reached an agreement with the Government to plead guilty to a charge of Felon in Possession of Ammunition. *White*, 2011 WL 4729730, at *1. White was sentenced to a 180-month term of imprisonment as an armed career criminal. *Id.*

White filed a motion to vacate his sentence under 28 U.S.C. § 2255. *See White*, 2011 WL 4729730, *1. He raised two claims of ineffective assistance of counsel: (1) that his counsel failed to file a notice of appeal; and (2) that his counsel failed to investigate his case adequately or to advise him adequately on entering a guilty plea. *Id*. The district court denied relief on White's claim that counsel was ineffective for failing to prepare for trial or adequately advise him of his rights. *Id*. at *2-3. The court granted relief on the claim that White had expressed his desire to appeal, but a notice of appeal was not filed. *Id*. at *2. As a remedy, the court directed the Clerk of Court to prepare, file, and process a notice of appeal. *Id*.

On appeal, White argued that he did not have the predicate ACAA convictions, that his sentence was unreasonable, that the court erred in denying his other ineffective

3

assistance of counsel claim, and that his guilty plea was entered unknowingly. *United States v. White*, 481 F. App'x. 275, 276 (8th Cir. 2012). The Eighth Circuit rejected White's arguments and affirmed the judgment of the district court. *Id*. The Eighth Circuit concluded that "White was properly sentenced under the ACAA, based on his Missouri second-degree-assault conviction stemming from shots being fired in the direction of law enforcement officers and his two drug-sale convictions." *Id*.

White filed his § 2241 petition in this Court on September 21, 2015. He raises a challenge to his sentence under *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which determined that imposing an increased sentence under the ACCA's residual clause violates due process. Respondent timely responded to the petition and filed a Motion to Dismiss Petition Pursuant to 28 U.S.C. § 2241 for Lack of Subject Matter Jurisdiction [Doc. No. 6]. White timely filed a reply [Doc. No. 9].

White previously had filed a document in support of his petition titled "Motion Under 28 U.S.C. § 2241; via 28 U.S.C. § 2255(e)" [Doc. No. 2]. This Court found the relief sought in that motion duplicative of the relief sought in the habeas petition and therefore denied it as moot. (Order at 2, Sept. 25, 2015 [Doc. No. 3].) As the Court told White at the time, however, the Court considers that document as part of the petition and has considered all of the arguments made by White in all filings. (*Id.*)

II.   Discussion

    A.   **Legal Standard**

Title 28 U.S.C. § 2241 and § 2255 provide federal prisoners with distinct forms of collateral relief. A prisoner "may attack the execution of his sentence through § 2241 in

4

the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Generally, § 2255 provides the "exclusive remedy" for a collateral attack on the validity of a sentence. *Rojas v. Apker*, 470 F. App'x 522, 523 (8th Cir. 2012).

Here, White is challenging the validity of his sentence. Thus, he must bring his claims in a § 2255 motion filed in the district where he was sentenced, *see id.*, unless he can establish that § 2255 is "inadequate or ineffective to test the legality of his detention," *see* 28 U.S.C. § 2255(e).

Section 2255(e) provides in full:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This provision is sometimes called the "savings clause" because it can save a § 2241 petition from dismissal under § 2255's exclusive remedy rule. But if the prisoner cannot show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention," the Court lacks subject matter jurisdiction to entertain his § 2241 petition. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

Section 2255 does not define the phrase "inadequate or ineffective," but courts have interpreted it narrowly. *Swehla v. Wilson*, No. 13-cv-1919 (SRN/JJK), 2013 WL 6190379, at *8 (D. Minn. Nov. 27, 2013). The Eighth Circuit has determined that the

5

remedy under § 2255 is not inadequate or ineffective in the following circumstances: (1) where "§ 2255 relief has already been denied," (2) when the "petitioner has been denied permission to file a second or successive § 2255 motion," (3) if "a second or successive § 2255 motion has been dismissed," or (4) in the event the "petitioner has allowed the one year statute of limitations and/or grace period to expire." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Nor is the remedy inadequate or ineffective "where a petitioner had any opportunity to present his claim beforehand." *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004) (citing *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003)). "Significantly, in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091. The petitioner bears the burden to show that the savings clause applies. *Id.*

In addition, when a prisoner relies on a new rule of law in asserting that § 2255 is inadequate or ineffective, as White does here, the rule must apply retroactively on collateral review. *See United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002) (stating that § 2255 is not inadequate or ineffective when the new rule of law does not apply retroactively); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

### B. *Johnson* and Retroactivity

In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court held that "[i]mposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* The Court did not explicitly make its

holding retroactively applicable to sentences already imposed under the residual clause.

White argues that, in light of *Johnson*, he was unconstitutionally subjected to a fifteen-year mandatory minimum sentence under the ACCA.  He claims his prior conviction of second-degree assault required only negligence or recklessness, and therefore should not be considered a crime of violence under the ACCA.  Because the second-degree assault conviction was used to enhance his sentence under the residual clause, White asserts his sentence must be vacated.

Respondent argues that the Court lacks subject matter jurisdiction over White's § 2241 petition because a second or successive motion under § 2255 is available and provides an adequate and effective means for White to raise his *Johnson* challenge. (Resp't's Mem. Supp. Mot. Dismiss at 8 [Doc. No. 7].)  Respondent concedes that White's *Johnson* challenge meets the requirements under § 2255(h)(2) for a prisoner to apply for leave to file a second or successive § 2255 motion.  Respondent explains, "It is the Department of Justice's position that *Johnson* satisfies this stringent, statutory requirement as to defendants convicted under 18 U.S.C. § 922(g) and whose ACCA-enhanced sentence depends on prior felonies that 'otherwise involve[] conduct that presents a serious potential risk of physical injury to another.'"  (Resp't's Mem. Supp. Mot. Dismiss at 8.)  Similarly, Respondent concedes that "a successive motion under [§] 2255 is available to him if he has a meritorious claim." (*Id.* at 7.)

In White's response to the motion to dismiss, he argues that "the plain reading of Section 2255 requires express declaration of retroactivity by the Supreme Court.  Without such express declaration, Section 2255 is unavailable." (Pet'r's Reply to Mot. Dismiss at

7

2 [Doc. No. 9].)  Thus, White argues, because the Supreme Court has not expressly made Johnson retroactive, it does not contain the prerequisites necessary to raise a successive § 2255 motion.  (*Id.*)

The issue before the Court, therefore, is whether *Johnson* is retroactively applicable under § 2255(h)(2).  If not, then § 2255 might not provide White with an adequate or effective means to raise his *Johnson* challenge because White could not obtain the certification necessary to bring a second or successive § 2255 motion.  But if *Johnson* is retroactively applicable, White can apply for certification of a second § 2255 motion, and this Court would lack jurisdiction to hear his pending § 2241 habeas petition.

In November 2015, the Eighth Circuit Court of Appeals addressed *Johnson*'s retroactivity in the context of certification for a second or successive motion under § 2255(h)(2) in *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015) (per curiam).  The Eighth Circuit recognized the growing split of authority concerning *Johnson*'s retroactive application.  *Id*. at 1154. *Compare Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (retroactive), *and United States v. Westberg*, No. CR 04-84 (MJD/RLE), 2016 WL 953227, at *2 (D. Minn. Mar. 14, 2016), *with* In re Rivero, 797 F.3d 986, 987 (11th Cir. 2015) (not retroactive).[1]  The Eighth Circuit noted in *Woods* that "we have previously accepted the government's concession of retroactivity of a new Supreme Court rule as a sufficient prima facie showing to allow a second or successive § 2255 petition." *Id*. at 3.  Because the government had conceded that *Johnson* was

---

[1] The Supreme Court has granted certiorari in *Welch v. United States*, No. 15-6418, to resolve the question.  See http://www.supremecourt.gov/qp/15-06418qp.pdf (last visited Mar. 21, 2016).

8

retroactively applicable, the court granted the petitioner's successive § 2255 motion. *Id*.

At least one court in the District of Minnesota has applied the rule in *Woods* to deny a § 2241 habeas petition for lack of subject matter jurisdiction. In *Greer v. Wilson*, the petitioner had been indicted on a single count of being a felon in possession of a firearm, which would typically carry a sentence of ten years. No. 15-cv-3094 (SRN/FLN), 2015 WL 7432336, at *1 (D. Minn. Nov. 23, 2015). Greer was sentenced to 188 months under the Armed Career Criminal Act, however, which mandated that a felon in possession of a firearm with three previous convictions for violent felonies or serious drug offenses must be sentenced to at least fifteen years in prison. *Id*. Just like White, Greer filed a motion under § 2255 claiming he was denied effective assistance of counsel, and the motion was denied. *Id*. at *2. Greer then sought habeas relief pursuant to § 2241 in federal court, just as White has. *Id*. at *3.

In deciding whether *Johnson* was retroactively applicable, the Honorable Susan Richard Nelson, United States District Judge, determined that the facts presented in *Greer* were identical to those in *Woods*, including the government's concession of *Johnson*'s retroactivity. *Id*. at *4-5. Judge Nelson noted "[t]he Eighth Circuit has evidenced its willingness to certify second or successive § 2255 motions on this basis. Thus, because Petitioner can obtain certification under § 2255(h)(2), this court lacks jurisdiction to consider his § 2241 habeas petition." *Id*. at *5.

The facts presented in White's case are also identical to those in *Greer* and *Woods*, including Respondent's concession of *Johnson*'s retroactivity. Because White "can obtain certification under § 2255(h)(2), this Court lacks jurisdiction to consider his

9

§ 2241 petition." *See Greer*, 2015 WL 7432336, at *5.  White should promptly seek authorization to bring a second or successive § 2255 motion since such motions must be brought within one year of the date on which the new rule was recognized by the Supreme Court.  *See* 28 U.S.C. § 2255(f); *see also Greer*, 2015 WL 7432336, at *5.

### III.  Recommendation

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Leroyce J. White's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be **DISMISSED WITHOUT PREJUDICE**;

2. Respondent's Motion to Dismiss [Doc. No. 6] be **GRANTED;** and

3. **JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 22, 2016        s/ *Hildy Bowbeer*
                             HILDY BOWBEER
                             United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.