UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leroyce J. White, | Case No. 15-cv-3700 (WMW/HB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Denise Wilson, Warden, FCI Sandstone, | |
| Respondent. | |

This matter is before the Court on the March 22, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Hildy Bowbeer. The R&R recommends that this Court grant Respondent's motion to dismiss Petitioner's 28 U.S.C. § 2241 petition without prejudice. Neither party filed objections to the R&R in the time period permitted. Because Petitioner can seek authorization to file a second 28 U.S.C. § 2255 petition—which is an adequate and effective remedy—this Court is divested of subject matter jurisdiction and must dismiss the current petition. The Court therefore adopts and incorporates the R&R.

**BACKGROUND**

The underlying prosecution of Petitioner Leroyce J. White occurred in the Western District of Missouri. In 2008, White received a 180-month mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1) (outlining mandatory minimum sentence for defendant with three prior felony convictions for a violent felony or serious drug offense). The residual clause of the ACCA in effect at that

1

time provided that any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii) (effective Oct. 6, 2006); *see also United States v. Westberg*, Crim. File No. 04-84, 2016 WL 953227, at *2 (D. Minn. Mar. 14, 2016) (explaining the residual-clause classification).  Because White had two prior convictions for serious drug offenses[1] and a second-degree assault conviction that qualified as a violent crime under the ACCA's residual clause, he received a mandatory sentence of 180 months' imprisonment.

White sought postconviction relief, asserting ineffective assistance of counsel.  *See* 28 U.S.C. § 2255.  A court in the Western District of Missouri denied White's section 2255 petition on October 6, 2011.  *White v. United States*, Nos. 10-0899-CV-W-ODS, 07-00320-01-CR-W-ODS, 2011 WL 4729730 (W.D. Mo. Oct. 6, 2011).  White appealed his sentence and challenged, among other things, the determination that his prior convictions met the ACCA's requirements for a mandatory minimum sentence.  The Eighth Circuit affirmed White's sentence on June 7, 2012.  *United States v. White*, 481 F. App'x 275 (8th Cir. 2012).

On September 21, 2015, White petitioned this Court under 28 U.S.C. § 2241 to correct his sentence after the Supreme Court of the United States held in *Johnson v.*

---

[1] The definition of a "serious drug offense" under the ACCA includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed . . . ." 18 U.S.C. § 924(e)(2)(A)(ii).  It is undisputed that White's record included 1999 and 2003 convictions for controlled-substance violations that qualified as serious drug offenses under this definition.

*United States* that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *See* 135 S. Ct. 2551, 2563 (2015). Respondent concedes that *Johnson* applies retroactively but moved to dismiss White's petition because White has the opportunity to file a second 28 U.S.C. § 2255 petition to challenge his sentence.

## LEGAL STANDARD

Distinct forms of relief are available under 28 U.S.C. §§ 2241 and 2255. A petition filed under section 2241 challenges the execution of a sentence and must be filed in the district of incarceration. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). By contrast, a petition filed under section 2255 challenges the validity of the sentence itself and must be filed in the district of the sentencing court.[2] *Id*. Generally, a section 2255 petition provides the exclusive remedy for attacking the validity of a sentence. *Rojas v. Apker*, 470 F. App'x 522, 523 (8th Cir. 2012).

In this petition, White argues that the district court erred by imposing a 15-year mandatory minimum sentence. *See Johnson*, 135 S. Ct. at 2563. This argument attacks the validity of his sentence. In 2011, White challenged his conviction under 28 U.S.C. § 2255. Although 28 U.S.C. § 2255 ordinarily prohibits a second challenge, a section 2241 petition will not be dismissed as impermissibly challenging the validity of a sentence when a section 2255 petition is "inadequate or ineffective" to test the legality of a petitioner's detention. 28 U.S.C. § 2255(e).

---

[2]    At the time White filed his 28 U.S.C. § 2241 petition, he was incarcerated at Federal Correctional Institution-Sandstone located in the District of Minnesota. Since that time, he has been transferred to the Federal Prisoner Camp in Leavenworth, Kansas.

## ANALYSIS

Here, 28 U.S.C. § 2255(h)(2) provides an adequate and effective remedy by permitting a successive section 2255 habeas petition based on a "new rule of constitutional law, made retroactive to cases . . . , that was previously unavailable." *See* 28 U.S.C. § 2255(h)(2). Procedurally, the party seeking authorization to file a successive section 2255 petition under section 2255(h)(2) must make a *prima facie* showing that the petition qualifies for certification. 28 U.S.C. § 2244(b)(3)(C). The Eighth Circuit may certify the petition only if it satisfies these requirements. *Id.*

White argues—in effect—that because the *Johnson* decision did not expressly acknowledge that it applies retroactively, he cannot make a *prima facie* case.[3] But Respondent concedes that *Johnson* satisfies the requirements of section 2255(h)(2), entitling White to seek authorization to file a second section 2255 petition. (Dkt. 7.) This concession is sufficient. When the retroactive effect of *Johnson* is conceded, a petitioner has made the *prima facie* showing that is required under 28 U.S.C. § 2255(h)(2). *See Menteer v. United States*, 806 F.3d 1156, 1156 (8th Cir. 2015) (citing *Woods v. United States*, 805 F.3d 1152, 1154 (8th Cir. 2015)).[4]

---

[3] The Supreme Court of the United States granted certiorari in *Welch v. United States* to resolve a circuit split regarding the retroactive effect of *Johnson*. 136 S. Ct. 790 (2016) (order granting certiorari); *see also Ama v. United States*, Nos 2:15-CV-737, 2:11-CR-56, 2016 WL 750655, at *2 (D. Utah Feb. 24, 2016) (acknowledging that circuit split over *Johnson*'s retroactivity is currently before the Supreme Court of the United States).

[4] Importantly, the Eighth Circuit has cautioned that a district court addressing the merits of a successive section 2255 petition "must not defer" to the Eighth Circuit's preliminary determination to authorize the filing of the successive petition. *See Menteer*, 806 F.3d at 1156.

A petition seeking relief under section 2255(h)(2) must commence within one year of the date a new rule is recognized by the Supreme Court of the United States. 28 U.S.C. § 2255(f).  Because White can seek authorization to file a second section 2255 petition before the one-year time limit following the Supreme Court's June 26, 2015 *Johnson* decision, this Court lacks subject matter jurisdiction to address the merits of White's current petition.  *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003) (explaining lack of jurisdiction); *see also Greer v. Wilson*, Case No. 15-cv-3094, 2015 WL 7432336, at *1 (D. Minn. Nov. 23, 2015) (reaching similar conclusion on analogous facts).

Based on the Report and Recommendation of Magistrate Judge Hildy Bowbeer, (Dkt. 12), and after a full review of the files, records and proceedings, **IT IS HEREBY ORDERED** that:

1. The March 22, 2016 Report and Recommendation, (Dkt. 12), is adopted;

2. White's petition, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**, and;

3. Respondent's motion to dismiss, (Dkt. 8), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: April 18, 2016                                               s/Wilhelmina M. Wright
                                                                               Wilhelmina M. Wright
                                                                               United States District Judge